REEDER, APPELLEE, *v.* CETNAROWSKI; BEACON INSURANCE COMPANY OF AMERICA, APPELLANT.

(No. 13278—Decided March 16, 1988.)

*Robert C. Hunt,* for appellee.
*Harry A. Tipping,* for appellant.

GEORGE, J. Appellee, Lee Reeder, and defendant, Harriet Cetnarowski, lived together in the same residence for over ten years, but were not married. On February 11, 1984, Harriet operated an automobile owned by Lee without obtaining his permission. Harriet collided with a building causing damage to Lee's automobile. At the time of the collision, Harriet had automobile liability insurance through appellant, Beacon Insurance Company of America ("Beacon").

On February 21, 1986, Lee recovered a default judgment against Harriet in the amount of $2,614.85, plus interest at the rate of ten percent. On March 24, 1986, Lee filed a supplemental complaint against Beacon, pursuant to R.C. 3929.06, in an effort to satisfy the judgment obtained against Harriet. Beacon filed an answer and counterclaim on May 27, 1986. In May 1987, cross-motions for summary judgment were filed by both Lee and Beacon. On June 24, 1987, the trial court denied Beacon's motion for summary judgment and granted Lee's motion for summary judgment. Beacon appeals, raising two assignments of error. This court affirms.

## Assignment of Error I

"The municipal court erred in determining that Harriet Cetnarowski constituted an insured as defined within the policy of insurance issued to her by the Beacon Insurance Company of America."

In its first assignment of error, Beacon asserts that the trial court erred in finding that Harriet was an "insured person" as defined in the insurance policy issued to her by Beacon. The relevant portion of the insurance policy provides as follows:

"Persons Insured. The following are insured under Part I:

"(a) with respect to the owned automobile,
  "(1) the named insured and any resident of the same household,
  "(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
  "(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insurer under (a)(1) or (2) above;

"(b) with respect to a non-owned automobile,
  "(1) the named insured,
  "(2) any relative, but only with respect to a private passenger automobile or trailer,

"*provided* his actual opration [*sic*] or (if he is not operating) the other actual use thereof is with the permission, of the owner and is within the scope of such permission, and

  "(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.

"The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." (Emphasis added.)

Beacon asserts that the language of the provision and the typography, or the arrangement of the provision under subsection (b)(2), unambiguously discloses that the provision applies to subsection (b)(1) as well as subsection (b)(2). The authorities cited by each party reach different conclusions as to the significance of the word placement. This court is persuaded by the reasoning in *McMichael* v. *American Ins. Co.* (C.A. 8, 1965), 351 F. 2d 665, and *Harleysville Mut. Cas. Co.* v. *Nationwide Mut. Ins. Co.* (1966), 248 S.C. 398, 150 S.E. 2d 233, cited by the trial court in its order. The location of the word "provided" on the margin here is so inconspicuous that even the most diligent and observant person would have difficulty appreciating its intended import.

Additionally, it is of some significance that the punctuation used does not reflect that a separate or new thought begins with the word "provided," or does not otherwise direct the reader to look at the preceding clause. And, even if the meaning ascribed by Beacon was to be the intent of the drafter of this provision, the use of margin differences alone does not accomplish this significance. Finally, a comparison of the typography of (a)(2) with (b)(2) would support the notion that the margin placement in (b)(2) was simply erroneously set.

The placement of the provision does not unambiguously disclose to a person of ordinary intelligence and experience its application to subsection (b)(1). Accordingly, construing the provision strictly against Beacon, this court finds that the trial court did not err in finding that Harriet was an insured person. Beacon's first assignment of error is overruled.

### Assignment of Error II

"The Akron Municipal Court erred in finding that the policy of insurance issued to Harriet Cetnarowski provided coverage where the policy explicitly excluded coverage for property in the charge of the insured."

Beacon's second assignment of error asserts that the trial court also erred in not finding that the automobile driven by Harriet was not covered by the policy. Beacon did not raise this issue to the trial court in its motion for summary judgment, but did attempt to raise the issue in its post-judgment motion for "new trial, reconsideration of prior decision." Beacon did not appeal the trial court's denial of its post-judgment motion, but instead appealed the trial court's failure to find that the automobile was not covered by the policy when it entered summary judgment for Lee.

This court must initially determine whether Beacon properly raised and preserved this issue in the trial court through its post-judgment motion. If not, this court need not consider this issue on review. *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 70 O.O. 2d 123, 322 N.E. 2d 629.

The Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after a final judgment; therefore, such motion is a nullity. *Sakian* v. *Taylor* (1984), 18 Ohio App. 3d 62, 63, 18 OBR 175, 176, 480 N.E. 2d 822, 824. In addition, Beacon's argument that coverage should be denied on a basis which was not raised in the trial court is not a ground for a new trial under Civ. R. 59. Accordingly, Beacon failed to properly raise and present this issue for review. Beacon's second assignment of error is not well-taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.