HARTONG, Admr.,

v.

MAKARY, Appellee; Farmers Insurance Group of Companies et al., Appellants.*

[Cite as *Hartong v. Makary* (1995), 106 Ohio App.3d 145.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17085.

Decided Aug. 30, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 74 Ohio St.3d 1513, 659 N.E.2d 1289.

146

*Gerald Horning*, for Mary Ellen Hartong, Administrator.

*William J. Roth, Jr.* and *Clifford L. DeCamp*, for appellee James K. Makary.

*Louise Mazur*, for appellants Farmers Insurance Group of Companies et al.

REECE, Presiding Judge.

Farmers Insurance [1] ("Farmers") appeals from the trial court's declaratory judgment finding that Farmers is contractually obligated to indemnify and defend James Makary in a wrongful death suit brought by his wife's estate. Farmers raises three assignments of error. We find merit in the second assignment of error and, therefore, reverse the judgment of the trial court.

On December 29, 1992, James Makary fatally shot his wife, Barbara Makary, at their apartment. As a result of the shooting, Barbara's estate brought a wrongful death suit against James. At the time of the shooting, Barbara and James were the named insureds on a renters' insurance policy issued by Farmers. Barbara's estate and James each claimed that the shooting was accidental and, therefore, an "occurrence" covered by the renters' policy. Farmers denied coverage, and a declaratory judgment action was instituted to determine whether Farmers had a duty to indemnify and defend James in the estate's wrongful death suit. The trial court determined that Farmers had a duty to indemnify and defend. Farmers appeals from that determination.

In the second assignment of error, Farmers claims that, pursuant to the resident exclusion in the personal liability coverage, it does not have a duty to

---

1.  For the purpose of this appeal, we will refer to the appellants, Farmers Insurance Group of Companies and Farmers Insurance of Columbus, Inc., as a single entity, Farmers Insurance.

indemnify and defend James in the wrongful death suit because Barbara was a resident of the insured premises. We agree.

With regard to personal liability claims brought against an insured, the renters' policy states that Farmers does not cover an insured's liability for bodily injury "to any resident of the residence premises[.]" As defined in the policy, James and Barbara's apartment was the "residence premises."

Unlike the term "residence premises," the term "resident" is not defined in the policy. In the absence of a policy definition, the term must be given its plain and ordinary meaning. A "resident" is a person who lives in a place "for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor." *Farmers Ins. of Columbus, Inc. v. Taylor* (1987), 39 Ohio App.3d 68, 70, 528 N.E.2d 968, 969. See, also, *Brooks v. Progressive Specialty Ins. Co.* (July 20, 1994), Summit App. No. 16639, unreported, at 8, 1994 WL 376768.

The parties stipulated that Barbara lived with James at their apartment "continuously" from the date of their marriage (October 31, 1992) to the date of the shooting (December 29, 1992). In light of this stipulation, Barbara was a resident of the residence premises. Since the estate's wrongful death claim seeks recovery for bodily injury to a resident of the residence premises, there is no possibility of coverage pursuant to the resident exclusion, and Farmers does not have a duty to indemnify and defend James as a matter of law.

Despite the clear and unambiguous language in the resident exclusion, the trial court read an ambiguity into the policy. First, the trial court acknowledged that "at the time of the occurrence, [Barbara's] occupancy would satisfy the ordinary meaning of the word resident." Nevertheless, the trial court determined that the term "resident" in the personal liability exclusion, when considered with other provisions in the policy, required "a more narrow definition" than the plain and ordinary meaning of the word. The trial court reached this conclusion based on an unrelated resident exclusion found in a separate part of the policy, the medical payments coverage. Because the resident exclusion in the medical payments coverage contained additional and varied language, the trial court concluded that the resident exclusion in the personal liability coverage was "subject to more than one interpretation." As a result, the trial court adopted an interpretation that favored the insured and found that Farmers had a duty to indemnify and defend.[2]

---

2. The medical payments resident exclusion states that Farmers does not cover medical expenses that result from bodily injury "[t]o you or any resident of your residence premises[.]" As defined in the policy, "you" and "your" mean "the 'named insured' * * * and spouse if a resident of the same household."

■ The cardinal rule for applying the terms in an insurance policy is well settled: if the terms in the policy are clear and unambiguous, those terms must be applied to the facts without engaging in any construction. *Santana v. Auto Owners Ins. Co.* (1993), 91 Ohio App.3d 490, 494, 632 N.E.2d 1308, 1311. Therefore, when the policy terms have a plain and ordinary meaning, it is not necessary or permissible for a court to construe a different meaning. *Ambrose v. State Farm Fire & Cas.* (1990), 70 Ohio App.3d 797, 800, 592 N.E.2d 868, 870. Stated another way, "the plain meaning of unambiguous language will be enforced as written." *Mehl v. Motorists Mut. Ins. Co.* (1992), 79 Ohio App.3d 550, 554, 607 N.E.2d 897, 899.

The terms in the personal liability resident exclusion are clear and unambiguous. Furthermore, the word "resident" has a plain and ordinary meaning, and, as the trial court noted, "[Barbara's] occupancy would satisfy the ordinary meaning of the word resident." Having found that Barbara's occupancy would satisfy the ordinary meaning of the word "resident," the trial court should not have given the word a more restrictive meaning. The trial court gave the word "resident" a more restrictive meaning because it read the personal liability exclusion in conjunction with the medical payments exclusion and construed an ambiguity. Such a reading of the policy was unwarranted.

■ As a general rule, insurance policies must be examined in their entirety. See *Zanco v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 115–116, 464 N.E.2d 513, 514–515. Accordingly, a proper reading of an insurance policy generally cannot be accomplished by relying on one provision to the exclusion of others. *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Shane & Shane Co., L.P.A.* (1992), 78 Ohio App.3d 765, 769, 605 N.E.2d 1325, 1327. See, also, *Wurth v. Ideal Mut. Ins. Co.* (1987), 34 Ohio App.3d 325, 329, 518 N.E.2d 607, 611.

■■ Despite the general rule, this court has recognized that the structure and punctuation used by the insurer in drafting the policy must be considered along with the words. *Mandat v. Reinecker's Bakery* (Dec. 15, 1993), Summit App. No. 16241, unreported, at 5, 1993 WL 526653, citing *Reeder v. Cetnarowski* (1988), 47 Ohio App.3d 90, 92, 547 N.E.2d 376, 378. Furthermore, the titles the insurer has chosen for its policy sections and subsections should also be considered when reading the policy. See *Wurth*, 34 Ohio App.3d at 330, 518 N.E.2d at 612. Finally, an insurance policy, like any other contract, must be given a reasonable reading consistent with the structure of the policy.

---

The personal liability resident exclusion does not contain the terms "you" and "your." The trial court found that the omission of these terms indicated "an intention to treat the named insured different from a mere resident." Thus, the trial court concluded that the word "resident" in the personal liability exclusion was to be read narrowly and did not apply to residents, like Barbara, who were also named insureds.

The policy terms at issue in this appeal are found in the "Exclusions" section of the policy. The "Exclusions" section is divided into separate and distinct subsections. The personal liability resident exclusion is found in a self-contained subsection entitled "Applying To Coverage E—Personal Liability." The title of the subsection is clear and unambiguous, and it is conspicuously printed in bold print. From the title of the subsection and the structure of the policy, a reasonable insured would expect that the exclusions in the personal liability subsection applied only to the personal liability coverage.

The medical payments resident exclusion is located in a separate and unrelated subsection entitled "Applying To Coverage F—Medical Payments to Others." The title of the subsection is clear and unambiguous, and it is conspicuously printed in bold print. From the title of the subsection and the structure of the policy, a reasonable insured would expect that the exclusions in the medical payments subsection applied only to the medical payments coverage.

Because the personal liability resident exclusion is clear and unambiguous and located in a self-contained subsection of the policy, the trial court erred in reading the personal liability exclusion in conjunction with the medical payments exclusion, which is located in a separate and *unrelated* subsection of the policy. By reading the two separate and unrelated exclusions in conjunction, the trial court ignored the obvious structure of the policy and did not give the policy a reasonable reading consistent with that structure. Furthermore, the trial court engaged in construction of clear and unambiguous policy language. Again, if policy language is clear and unambiguous, "there is no occasion for construction, and courts may not indulge themselves in enlarging the contract." *Longpre v. Midwest Optical Supply, Inc.* (1990), 68 Ohio App.3d 198, 200, 587 N.E.2d 948, 949. Since there was no reason for construction, the trial court should not have indulged in construing the two unrelated exclusions. Rather, the trial court should have simply applied the personal liability resident exclusion to the facts without engaging in any construction.

As discussed previously, the stipulated facts establish that Barbara Makary was a resident of the insured premises when she was fatally shot by her husband James. Applying the clear and unambiguous language in the personal liability resident exclusion to these facts, we conclude that Farmers does not have a duty to indemnify and defend James as a matter of law. The second assignment of error is sustained.

Because of our disposition of the second assignment of error, we do not need to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause is remanded to the trial court to enter judgment accordingly.

*Judgment reversed*
*and cause remanded.*

SLABY and WISE, JJ., concur.

JOHN W. WISE, J., of the Fifth Appellate District, sitting by assignment.