[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal from a judgment of the Lucas County Court of Common Pleas requires this court to determine whether the trial court erred in finding that appellee, Michael A. Hrynciw III, was entitled to coverage under a commercial automobile liability insurance policy issued by appellant, State Auto Insurance Companies, to Michael's employer.
On August 25, 1992, in Toledo, Lucas County, Ohio, an automobile operated by Michael Hrynciw collided with an automobile operated by John Marshall. At the time of the accident, Hrynciw was driving a vehicle owned by his mother, Yolanda Hrynciw (now known as Yolanda Miller). Yolanda's automobile liability insurer was appellee, Erie Insurance Group. Westfield Companies, d.b.a. Westfield Insurance Company, was Marshall's motor vehicle insurer.
At the time of the accident, Hrynciw was employed by Industrial Assessment Treatment Technologies, Inc.("IATT"), as a project manager. It is undisputed that the accident occurred as Hrynciw followed his supervisor to a job site. During the relevant time period, IATT held a business automobile liability insurance policy issued by appellant, State Auto Insurance Companies.
The following provisions of that policy are pertinent to the disposition of this case. Under the terms of the State Auto policy, "you" or "your" means the party listed as the named insured on the declarations page. IATT is listed as the named insured on that page. Liability coverage is provided for "all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto.'" Section II(A)of the policy defines an "insured" and sets forth several exceptions. It provides:
"1. WHO IS AN INSURED
"The following are `insureds':
"a. You for any covered `auto.'
 "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
"* * *
 "(2) Your employee if the covered `auto' is owned by that employee or a member of his or her household."
Section I(A) of the State Auto policy describes autos that may be covered autos. Each possible covered auto is given a designated numerical symbol which, if the auto is a covered auto, is listed on the declarations page. The autos defined in Section I(A) and specified on the declarations page issued to IATT as having liability coverage are:
 "8 = HIRED `AUTOS' ONLY. Only those `autos' you lease, hire, rent or borrow. This does not include any `auto' you lease, hire, rent or borrow from any of your employees or partners or members of their households."
 "9 = NONOWNED `AUTOS' ONLY. Only those `autos' you lease, hire, rent or borrow that are used in connection with your business. This includes `autos' owned by your employees or partners or members of their households but only while used in your business or personal affairs."
After the accident, John Marshall and his spouse, Jayne Marshall, filed a negligence action against Hrynciw. In his deposition taken in that case and filed in the record of this case, Michael initially stated that he resided with his mother, Yolanda, in Fremont, Ohio. Shortly before instituting the present action, he "corrected" his deposition testimony to reflect the fact that he resided with his brother as of August 25, 1992.
On November 22, 1996, Hrynciw, Erie Insurance Group, and Westfield Insurance Companies filed the instant action asking the trial court to declare whether Hrynciw was entitled to coverage under IATT's State Auto liability policy. John and Jayne Marshall were also named as defendants in the complaint. In the complaint, Hrynciw alleged that he lived with his brother at the time of the accident. He later submitted his mother's affidavit in which she averred that Michael was not a member of her household as of August 25, 1992.
State Auto answered the complaint and filed a counterclaim requesting a declaratory judgment finding Hrynciw was not entitled to coverage under the State Auto policy.
After a February 6, 1997, pretrial conference, appellees were ordered to file a "brief on the merits," State Auto was ordered to file a "responsive memorandum," and appellees, a reply.
On April 28, 1997, appellees, Michael Hrynciw and Erie Insurance Group filed their "brief on the merits." Appellees neither included a motion for summary judgment in this brief nor ever filed a separate motion for summary judgment. Appellees asserted that coverage was provided Hrynciw under the covered "auto" provisions of the State Auto policy and the "Declarations Page" and that Hrynciw was not excluded as an "insured" under the "WHO IS AN INSURED" section of the policy. In the alternative, appellees asserted the exclusion, if applied to Hrynciw, was unenforceable because it contradicted the coverage provided by the declarations page.
In its brief on the merits, State Auto contended there was no contradiction and, in any event, there were "questions of fact," as to whether Hrynciw was precluded from coverage. In their reply, appellees focused on the alleged contradiction between the relevant provisions and declarations page, asserting that the exclusion could not be enforced as a matter of law.
On July 3, 1997, the trial court entered a judgment declaring Michael A. Hrynciw III was entitled to liability coverage under the State Auto policy. The common pleas court's judgment did not turn on the specific facts of this case. That is, the trial court assumed for the purpose of its decision that Michael Hrynciw was a member of his mother's household at the time of the accident. The court held the exclusion under the "WHO IS AN INSURED" section of the State Auto liability policy and the coverage provided by the Declarations Page created an unresolvable conflict regarding liability coverage. Therefore, the court adopted a construction of the insurance policy in favor of the insured.
State Auto sets forth the following assignments of error:
 "THE TRIAL COURT ERRED IN FINDING THE STATE AUTO COMMERCIAL POLICY ISSUED TO IATT, A CORPORATION, PROVIDES LIABILITY COVERAGE TO MICHAEL HRYNCIW, ITS EMPLOYEE, AS AN INSURED.
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A CLEAR ISSUE OF FACT EXISTED AS TO HRYNCIW'S STATUS AS A MEMBER OF HIS MOTHER'S HOUSEHOLD."
In its first assignment of error, State Auto argues the terms of the contract are plain and unambiguous in excluding Michael Hrynciw as an "insured" under the liability provisions of IATT's business motor vehicle policy.
The substantive law in this case involves the interpretation of an insurance contract. Interpretation of the language in an insurance contract is conducted under the general rules of contract construction and interpretation. Gomolka v.State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167. Further, interpretation of an insurance contract is a question of law.Leber v. Smith (1994), 70 Ohio St.3d 548, 553.
If a term of a contract is clear and unambiguous, a court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,246. Thus, when the sections of an insurance policy are unambiguous, a court may not substitute a different meaning.Burris v. Grange Mut. Ins. Cos. (1989) 46 Ohio St.3d 84, 89. If, however, the provisions of an insurance contract are reasonably susceptible of more than one interpretation, the provisions must be strictly construed against the insurer. Lane v. Grange Mut.Companies (1989), 45 Ohio St.3d 63, 65; Reeder v. Cetnarowski
(1988), 47 Ohio App.3d 90. Therefore, when an insurer inserts conflicting provisions in an insurance policy, the insurer will be bound by that provision that is most favorable to the insured.Boyle v. Great-West life Assur. Co. (1985), 27 Ohio App.3d 85,89. In making the determination of whether language is ambiguous, courts must generally give words and phrases their plain, ordinary, natural or commonly accepted meaning. Gomolka v. StateAuto. Mut. Ins. Co., 70 Ohio St.2d at 167-168.
The language of Section I of the State Auto policy defining a "nonowned auto" is connected by the conjunction "or," which is a function word used to indicate an alternative. Merriam Webster's Collegiate Dictionary (10 Ed. 1996) 817. Accordingly, as it applies to this case, the definition must be read to provide coverage for three alternate categories of nonowned automobiles used in connection with IATT's business. Liability coverage is available for automobiles owned by (1) an employee; (2) partners; or (3) members of their (the employees' and the partners') households. Thus, under the plain and unambiguous language of this section, a motor vehicle owned by a member of an employee's household in connection with IATT business is provided liability coverage under the State Auto policy. Nevertheless, this section does not designate who is an "insured" when driving a covered auto.
Section II(A)(1)(b)(2) of the liability policy plainly and unambiguously includes "You" or IATT as an "insured." The section also, however, plainly and unambiguously excludes an employee from coverage as an "insured" if the covered auto is owned by the employee or a member of his or her household. As a consequence, if Hrynciw was a member of his mother's household, he is excluded from liability coverage under the State Auto policy. See Progressive Ins. Co. v. Heritage Ins. Co. (1996), 113 Ohio App.3d 781,786 (finding no coverage for an employee under an employer's commercial motor vehicle liability policy containing terms identical to the case at bar).
The trial court relied on Auto Owners Ins. Co. v.Motorists Mut. Ins. Co. (Sept. 21, 1992), Butler App. No. CA91-07-121, unreported, in determining there was an "unresolvable conflict regarding the issue of liability coverage" and therefore finding it must adopt the provision most favorable to the insured.
In Auto Owners, the injured party initially brought suit against the tortfeasor's employer, Dayton Auto Salvage Pool ("DASP") and a second business, Mann's Auto Sales, whose alleged negligence also caused the plaintiff's injury. Auto Owners Insurance, Mann's Auto Sales insurer, then instituted a declaratory judgment action asking the trial court to declare DASP's insurer, Motorists Mutual Insurance Company, liable as the primary insurer. The lower court found both policies provided primary insurance with Motorists Mutual being seventy-seven per cent liable and Auto Owners twenty-three percent liable. Motorists Mutual appealed.
In Auto Owners, liability coverage in the Motorists Mutual policy existed for nonowned autos used in the employer's garage business. "Nonowned autos" was defined as any auto the employer did not own, lease, hire, rent or borrow. However, another section of the policy excluded coverage for any auto the employer did not own, hire or borrow. Given the conflicting provisions, the Auto Owners court construed the Motorists Mutual policy in favor of the insured, DASP, and affirmed the trial court on this issue.
Auto Owners is readily distinguishable from the present case simply because the former involved a question of whether liability coverage existed for the employer as an "insured" — not the employee as an "insured." As noted by the Progressive court at 787, the plain language providing liability coverage for "You [the named insured, the employer] for any covered auto" in the "WHO IS AN INSURED" section of the Motorists Mutual policy rendered any analysis of a conflict in Auto Owners unnecessary. Therefore, we find the trial court erred as a matter of law in determining an unresolvable conflict existed between the relevant provisions in the State Auto policy. Accordingly, State Auto's first assignment of error is found well-taken.
In State Auto's second assignment of error, the insurance company argues the trial court erred in granting summary judgment to appellees.
Despite what the parties may believe, the judgment granted to appellees was not a summary judgment. Rather, it appears that the common pleas court conducted a trial by briefs on the merits. The court did not, nevertheless, determine the crucial factual issue in this case. The court proceeded on the assumption that Michael Hrynciw was a member of his mother's household on August 25, 1992. We must, therefore, remand this case to the lower court for a consideration of this issue. Thus, to the extent that appellant's second assignment of error raises this issue, that assignment is found well-taken.
On consideration whereof, this court finds substantial justice was not done the party complaining. The judgment of the Lucas County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Costs of this appeal assessed to appellees, Michael A. Hrynciw and Erie Insurance Group.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.