OHAYON et al., Appellants,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS, Appellee.

[Cite as *Ohayon v. Safeco Ins. Co. of Illinois*, 154 Ohio App.3d 437, 2003-Ohio-5047.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21424.

Decided Sept. 24, 2003.

Kenneth L. Gibson and Stanley P. Aronson, for appellant.

James A. Sennett, for appellee.

BAIRD, Judge.

{¶ 1} Appellants, Jonathan Ohayon and his parents, Jacob and Brenda Ohayon ("the Ohayons"), appeal from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellee, Safeco Insurance Company of Illinois ("Safeco"), on the Ohayons' claims for underinsured motorist ("UIM") coverage. We affirm.

I

{¶ 2} On August 6, 1996, while walking on a sidewalk at a mall in Sharon, Pennsylvania, Jonathan was struck and injured by a vehicle driven by the

tortfeasor. Jonathan settled his claim against the tortfeasor for the tortfeasor's insurance policy's bodily injury coverage limit of $100,000.

{¶ 3} At the time of the accident, Safeco insured, under a single policy, three separate vehicles owned by Jacob and Brenda.[1] The policy's declarations limited both liability and UIM coverage to $100,000 per person and $300,000 per accident. The insured vehicles were principally garaged at the Ohayon residence in Akron, Ohio.

{¶ 4} On July 25, 1997, the Ohayons filed a complaint in the Summit County Court of Common Pleas, seeking a declaratory judgment determining their rights under the Safeco policy. On July 15, 1998, the trial court granted the Ohayons' motion for partial summary judgment on coverage issues and denied Safeco's cross-motion for summary judgment. That judgment was subsequently reversed by this court on the ground that the trial court erroneously applied Pennsylvania law, rather than Ohio law, to the interpretation of the insurance contract. *Ohayon v. Safeco Ins. Co. of Illinois* (Dec. 22, 1999), 9th Dist. No. 19617, 1999 WL 1260848. This court remanded the cause for determination under Ohio law. Id. The Ohio Supreme Court allowed a discretionary appeal and affirmed this court's judgment. *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206.

{¶ 5} On remand, Safeco filed a motion for summary judgment, and the Ohayons filed a cross-motion for summary judgment. On January 6, 2003, the trial court granted summary judgment to Safeco and denied the Ohayons' cross-motion. Applying Ohio law, the trial court determined that (1) the policy provides unambiguous limits, and (2) an anti-stacking provision in the policy's UIM endorsement is invalid. Applying the policy's per-person limit, the trial court determined that although appellants were eligible for coverage in the amount of $100,000, Safeco was entitled to a $100,000 setoff from the settlement with the tortfeasor, and therefore no coverage remained.

{¶ 6} Appellants appeal, raising one assignment of error. Appellee cross-appeals, raising two assignments of error.

## II

### Appellants' Assignment of Error

"The lower court erred in determining that the appellee's policy was not ambiguous in defining the limits of liability and in determining that the individual coverages and not the [combined single limit] applied."

---

1. The policy became effective on May 8, 1994, and was renewed biannually thereafter; the renewals continued up to and including the period of May 8, 1996, to November 8, 1996.

{¶ 7} In their sole assignment of error, the Ohayons essentially challenge the grant of summary judgment to Safeco. The Ohayons assert that the trial court erred when it determined that the Safeco policy unambiguously limited their UIM coverage to $100,000. We disagree.

{¶ 8} We begin our analysis by noting the appropriate standard of review. An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293–294, 662 N.E.2d 264. The nonmoving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. Where the nonmoving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the nonmoving party cannot possibly prevail on an essential element of the claim. See, e.g., *Stivison v. Goodyear Tire & Rubber Co.* (1997), 80 Ohio St.3d 498, 499, 687 N.E.2d 458. The burden would then shift to the nonmoving party to show that there is a genuine issue of material fact as to that element. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 11} The Ohayons argue that, due to a series of ambiguities within the Safeco policy, they are entitled to UIM coverage in the amount of $300,000, rather than $100,000.

{¶ 12} The Safeco policy provides two alternative sets of provisions concerning liability limits, under the heading "Limit of Liability," in the "Liability Coverage" section of the agreement. The first set appears in "paragraph A," quoted below; the second set appears in an immediately following "paragraph B," also quoted below:

"A.   If the Declarations indicate **Individual Coverages** apply:

"The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

"Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

"The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

"This is the most we will pay regardless of the number of:

"**1. Insureds;**

"**2.** Claims made;

"**3.** Vehicles or premiums shown in the

Declarations; or

"**4.** Vehicles involved in the auto accident.

"B.   If the Declarations indicate [a] **Combined Single Limit**[2] appl[ies]:

"The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident.   This is the most we will pay regardless of the number of:

"**1. Insureds;**

"**2.** Claims made;

"**3.** Vehicles or premiums shown in the Declarations;  or

"**4.** Vehicles involved in the auto accident.

"We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability.   However, this provision will not change our total limit of liability."   (Footnote added.)

{¶ 13} As the introductory language to both paragraphs makes clear, one must look to the declarations in order to determine which paragraph's terms are operative.   Paragraph A is effective if the declarations "indicate" that individual coverages apply, while paragraph B is effective if the declarations "indicate" that a combined single limit applies.

---

**2.**   Paragraph B was amended by an "Amendatory Endorsement—Ohio," which substituted the term "Combined Single Limit" for the term "Packaged Coverages."

{¶ 14} Without explicitly stating whether individual coverages or a combined single limit applies, the declarations provide the following liability limits:

| "BODILY INJURY | $100,000 Each person |
|---|---|
| | $300,000 Each occurrence |
| "PROPERTY DAMAGE | $50,000 Each occurrence" |

{¶ 15} The declarations provide identical bodily injury limits for UIM coverage: $100,000 per person and $300,000 per occurrence.

{¶ 16} Appellants argue that because the declarations do not expressly state whether individual coverages or a combined single limit applies, they fail to "indicate" that either one applies. This failure, according to appellants, creates an ambiguity as to whether paragraph A or paragraph B provides the liability limits for the policy. Invoking the rule that "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured," *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus, appellants contend that they are entitled to the less restrictive provisions of paragraph B.

{¶ 17} The application of the provisions of paragraph B, appellants argue, generates another ambiguity. Appellants point to that paragraph's provision that "[t]he limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident." According to appellants, this language could mean that either the $100,000 "each person" or the $300,000 "each occurrence" limit is the maximum limit of liability for damages arising from a single accident. Appellants argue that the more favorable $300,000 limit should apply.

{¶ 18} Moreover, appellants argue, the language of paragraph B fails in its attempt to invoke R.C. 3937.44 and R.C. 3937.18(H),[3] which permit insurance policies to restrict the coverage for all claims (including loss of consortium) arising out of bodily injury sustained by one person to one "each person" limit.

{¶ 19} Relying upon the foregoing arguments, appellants have propounded the following accounting: (1) the applicable liability limits (and therefore, the applicable UIM limits, pursuant to R.C. 3937.18(A)(1)) are $300,000; (2) Jonathan is

---

3. "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus. The effective date of the renewed Safeco policy was May 8, 1996. Therefore, the versions of R.C. 3937.44 and R.C. 3937.18 in effect on May 8, 1996, apply to this case.

entitled to $100,000 for his personal injuries; and (3) Jacob and Brenda are each entitled to $100,000 for their consortium claims. Appellants concede that Safeco is entitled to a $100,000 setoff. Appellants also concede that if paragraph A applies, the liability limits (and thus, the UIM limits) are $100,000, and, therefore, no coverage would remain after applying the setoff.

{¶ 20} We find that the appellants' cornerstone argument, that the policy is ambiguous as to whether paragraph A or B applies, to be without merit. By its own terms, the policy does not require the declarations to contain an explicit pronouncement that either individual coverage or a combined single limit applies in order to clearly communicate whether paragraph A or B provides the policy's limits.

{¶ 21} When terms within an insurance contract have a plain and ordinary meaning, it is not necessary or permissible for a court to construe a different meaning. *Hartong v. Makary* (1995), 106 Ohio App.3d 145, 149, 665 N.E.2d 704, citing *Ambrose v. State Farm Fire & Cas.* (1990), 70 Ohio App.3d 797, 800, 592 N.E.2d 868. Citing Webster's Dictionary, appellee contends that "[t]he plain and ordinary meaning of the phrase 'indicate Individual Coverages' does not require a specific statement[;] * * * rather, the Declarations must 'indicate,' or direct attention to, point out, or show that Individual Coverages apply." We agree.

{¶ 22} By providing three discrete liability limits, the declarations plainly show, i.e., "indicate," that individual coverages, as opposed to a combined single limit, apply. In other words, the declarations present individual coverages without specifically labeling them as such. Under the plain meaning of the policy's language, this demonstration of the applicability of individual coverages is sufficient to trigger the liability limits delineated by paragraph A. The appellants' assignment of error is overruled.

## III

### Appellee's First Assignment of Error

"The lower court erred in determining that the appellee/cross-appellant's insurance policies did not contain a valid anti-stacking provision."

### Appellee's Second Assignment of Error

"The lower court erred in determining that UM/UIM coverage with an anti-stacking provision is not equivalent to [a] motor vehicle liability policy without an anti-stacking provision."

{¶ 23} For ease of discussion, we will consider appellee's two assignments of error together. In both assignments of error, Safeco challenges the trial court's determination that an antistacking provision in the Safeco policy is invalid.

{¶ 24} Given this court's determination of appellants' assignment of error, appellee's assignments of error are rendered moot. See App.R. 12(A)(1)(c).

## IV

{¶ 25} Appellants' assignment of error is overruled. Appellee's assignments of error are moot. The judgment of the trial court is affirmed.

Judgment affirmed.

SLABY, P.J., and CARR, J., concur.