DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Meredith Chapman, appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellees, Liberty Mutual Insurance Company ("Liberty Mutual") and State Farm Mutual Automobile Insurance Company ("State Farm"), on Chapman's claims for underinsured motorist ("UIM") coverage. We affirm.
 I. {¶ 2} On September 11, 1999, Meredith Chapman sustained injuries after being ejected from and struck by a 1997 Ford F-150 pickup truck owned and operated by her husband, Brian Chapman.
 {¶ 3} At the time of the accident, Brian was employed by East Ohio Gas Company, which was a named insured on a business auto policy issued by Liberty Mutual. Brian himself was the named insured on two separate policies issued by State Farm. One policy (the "truck policy") covered the truck involved in the accident, providing liability and UIM limits of $50,000 per person, $100,000 per accident. State Farm paid Meredith the $50,000 per person liability limit on this policy in settlement of her claims against Brian. The other State Farm policy (the "motorcycle policy") covered another vehicle owned by Brian but not involved in the accident — a 1975 Harley Davidson motorcycle. The motorcycle policy provided liability and UIM limits of $100,000 per person, $300,000 per accident.
 {¶ 4} Appellant brought a declaratory judgment action against both State Farm and Liberty Mutual, seeking declarations that: (1) she is entitled to UIM coverage under the State Farm motorcycle policy, and (2) pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 557, she is entitled to UIM coverage under the Liberty Mutual policy issued to East Ohio Gas.
 {¶ 5} State Farm and Liberty Mutual each filed motions for summary judgment; on January 31, 2003, the trial court granted both motions. First, the trial court found that Meredith was a resident of Brian's house at the time of the accident. On the basis of this finding, the trial court determined that Meredith was insured under both the State Farm and Liberty Mutual policies. However, the court concluded that "other owned vehicle" exclusions contained in each policy rendered Meredith ineligible for UIM coverage.
 {¶ 6} Meredith Chapman appeals and raises two assignments of error.
 II. First Assignment of Error
"The trial court erred in granting summary judgment in favor of Appell[ee] Liberty Mutual Insurance Company because, although appellant is an `insured' under the Liberty Mutual Policy, pursuant to the Supreme Court's holding in Scott-Pontzer, she is not a `named insured, spouse or resident relative of a named insured' and therefore, is not precluded from coverage under R.C. § 3937.18(J)(1)." (Emphasis sic.)
 {¶ 7} In her first assignment of error, Appellant challenges the trial court's entry of summary judgment in favor of Liberty Mutual. We begin our analysis by noting the appropriate standard of review.
 {¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
{¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
 {¶ 11} Appellant argues that the trial court erred in determining that the "other owned auto" exclusion contained in the Liberty Mutual policy extinguished her coverage under the policy. Specifically, Appellant contends that the exclusion is invalid because it exceeds the bounds authorized by R.C. 3937.18(J). We disagree.
 {¶ 12} The Liberty Mutual policy contains an Ohio Uninsured Motorists Coverage — Bodily Injury endorsement, which provides the following exclusion of UIM coverage:
"This insurance does not apply to:
"5. `Bodily Injury' sustained by:
"c. Any `family member' while `occupying' or when struck by any vehicleowned by you that is insured for Uninsured Motorists coverage on a primary basis under any other Coverage Form or policy." (Emphasis added).
 {¶ 13} Appellant was a family member of Brian Chapman; she sustained bodily injuries when struck by a truck owned by Brian; and that truck was insured for UIM coverage on a primary basis under another policy (the State Farm truck policy). Appellant does not dispute these facts. Nor does she challenge the trial court's determination that these facts place her injuries within the plain meaning of the exclusion. Rather, she maintains that the trial court erred in concluding that an exclusion of UIM coverage based upon such facts is "expressly permitted by R.C. 3[9]37.18(J)(1)." Essentially, Appellant argues that R.C.3937.18(J)(1) requires the exclusion's "owned by you" provision to be interpreted as "owned by a named insured," and that, under this interpretation, she does not fall within the exclusion.
 {¶ 14} The applicable version of R.C. 3937.18(J)[1] provides:
"The coverages offered under [R.C. 3937.18(A)] * * * may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
"(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured[.]" (Emphasis added).
 {¶ 15} Appellant contends that the statute imposes a "`named insured' limitation," permitting contractual exclusions of UIM coverage only in situations involving vehicles "owned by, furnished to, or available for the regular use of" those persons listed in an insurance policy's declarations. Appellant maintains that while, pursuant toScott-Pontzer, Brian qualifies as an "insured" under the Liberty Mutual policy issued to his employer, because he is not listed in the policy's declarations, he is not a named insured. Therefore, according to Appellant, R.C. 3937.18(J)(1) prohibits an exclusion of UIM coverage founded upon the involvement of Brian's truck.
 {¶ 16} This Court recently rejected the same argument in Mazza v.American Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, appeal allowed 2003-Ohio-3717. The appellant in that case argued that "the `other owned auto' exclusion authorized by R.C. 3937.18(J)(1) cannot be expanded to include any vehicle owned by any insured," but instead must be confined to those vehicles owned by named insureds. Id. at 9. This Court disagreed, expressly declining to "differentiate between the `named insured' and the `insured'" for the purpose of determining the breadth permitted by R.C. 3937.18(J)(1). Id. at 11.
 {¶ 17} Several other districts have found similarly worded exclusions to be consistent with R.C. 3937.18(J)(1). See, e.g., Niesev. Maag, 3rd Dist. No. 12-02-06, 2002-Ohio-6986, appeal allowed (2003),98 Ohio St.3d 1563; Jones v. Nationwide Ins. Co. (Jul. 23, 2001), 5th Dist. No. 2000CA00329; Miller v. Grange Mut. Cas. Co., 5th Dist. No. 2002CA00058, 2002-Ohio-5763, appeal allowed (2003), 98 Ohio St.3d 1495;Headley v. Grange Guardian Ins. Co., 7th Dist. No. 01-CA-130,2003-Ohio-8; Gaines v. State Farm Mut. Auto. Ins. Co. (Apr. 30, 2002), 10th Dist. No. 01AP-947.
 {¶ 18} The trial court correctly determined that the "other owned auto" exclusion in the Liberty Mutual policy complies with R.C.3937.18(J)(1). Summary judgment on the basis that the exclusion rendered Appellant ineligible for UIM coverage under the Liberty Mutual policy was proper. The first assignment of error is overruled.
 Second Assignment of Error
"The trial court erred in finding that appellant was not entitled to underinsured motorist coverage under State Farm Policy Number 6 3605-A12-35 [the Motorcycle Policy], issued to Brian Chapman."
 {¶ 19} In her second assignment of error, Appellant essentially challenges the trial court's grant of summary judgment in favor of State Farm. Appellant argues that the trial court erred in finding that the motorcycle policy's "other owned vehicle" exclusion rendered her ineligible for UIM coverage. We disagree.
 {¶ 20} The State Farm motorcycle policy provides the following exclusion of UIM coverage:
"(2) For bodily injury to an insured:
"(a) While operating or occupying a motor vehicle owned or leased by, furnished to, or available for the regular use of you, your spouse or any relative if it is not insured for this coverage under this policy."
 {¶ 21} Appellant argues that the trial court erred in finding the above exclusion applicable to the facts of this case. This argument is without merit.
 {¶ 22} When terms within an insurance contract have a plain and ordinary meaning, it is not necessary or permissible for a court to construe a different meaning. Hartong v. Makary (1995),106 Ohio App.3d 145, 149, citing Ambrose v. State Farm Fire Cas.
(1990), 70 Ohio App.3d 797, 800.
 {¶ 23} The motorcycle policy's exclusion unambiguously precludes UIM coverage for bodily injuries: (1) sustained by an insured (2) while occupying (3) a vehicle owned by "you," (4) if that vehicle is not insured for UIM coverage under the policy. The policy plainly defines the term "you" as "the named insured * * * shown on the declarations page."
 {¶ 24} Appellant herself maintains that: (1) she is "an insured" under the State Farm motorcycle policy and (2) she sustained bodily injuries while occupying Brian Chapman's Ford-150 pickup truck. The State Farm motorcycle policy clearly shows that: (1) Brian Chapman is the named insured shown on the declarations page, i.e. "you," for that policy and (2) Brian's pickup truck was not insured for UIM coverage by that policy. These facts place Appellant's injuries squarely within the plain meaning of the exclusion and render her ineligible for UIM coverage under the motorcycle policy.
 {¶ 25} Appellant also argues that "the policy anticipates situations in which more than one State Farm policy may apply, and provides that under such circumstances, the policy with the highest policy limit is applicable." Appellant bases this argument on the following "other uninsured motor vehicle coverage" provision:
"If There Is Other Uninsured Motor Vehicle Coverage
"* * *
"2. If Other Policies Issued By Us To You, Your Spouse or Any RelativeApply
"* * * [I]f two or more motor vehicle policies issued by us to you,your spouse or any relative providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability."
 {¶ 26} Appellant points out that she was insured by two State Farm policies: the truck policy and the motorcycle policy. The motorcycle policy has a UIM limit of $100,000 per person, and the truck policy has a UIM limit of $50,000 per person. Appellant contends that under these facts, the "other uninsured motor vehicle coverage" provision quoted above requires the application of the higher motorcycle policy limit. This argument assumes the existence of a fundamental prerequisite to the relevance of this provision: the applicability of both the truck and the motorcycle policies. Because the motorcycle policy does not cover the Appellant's injuries, the "other uninsured motor vehicle coverage" provision is inoperative.
 {¶ 27} Because Appellant's injuries plainly fell within the State Farm motorcycle policy's "other owned auto" exclusion, her second assignment of error is overruled.
 III. {¶ 28} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
SLABY, P.J. and BATCHELDER, J. concur.
[1] "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, syllabus. The effective date of the Liberty Mutual policy was September 1, 1999. Therefore, the version of R.C. 3937.18 in effect on September 1, 1999 applies to this case.