## SPRAGG v PRUDENTIAL INS CO

Ohio Appeals, 3rd Dist, Marion Co

No 802. Decided Jan. 23, 1935

Guthery, Strelitz & Guthery, Marion, for plaintiff in error.

James W. Galbraith, Mansfield, for defendant in error.

## OPINION

By GUERNSEY, J.

This action is based solely on the written policy of insurance attached to the petition, and the application therefor. It is conceded in the pleadings that the policy was issued by the company but was not actually delivered to Paul F. Spragg or to anyone for him.

The sole question raised by the petition in error on the pleadings, evidence and record is whether the admission mentioned and the evidence tended to show the performance and/or happening of the conditions precedent to the taking effect of the policy provided in the clause of the written application for insurance signed by Paul F. Spragg, hereinbefore set forth. If the evidence tended to show such performance and/or happening, the court erred in directing a verdict. On the other hand, if such evidence did not etnd to show such performance and/or happening the court properly directed a verdict. As the evidence adduced tended to prove the allegations of fact in the petition, a similar question would have been raised by motion for judgment on the pleadings after the filing of the reply in which the allegations of the answer with reference to such clause in the application are admitted.

The insurance company and the applicant had the legal right to stipulate as to such conditions precedent to the taking effect of the policy as they might deem proper and such conditions might relate to the performance of an act by the company

or the applicant, the happening of an event or the existence of a state of facts. Therefore the question raised is to be determined by interpreting the provisions contained in such clause, the pertinent part of which reads as follows:

"The policy shall not take effect until issued by the company and received by me and the full first premium thereon is paid while my health, habits and occupation are the same as described in this application."

In terms the clause provides for conditions precedent to the taking effect of the policy, as follows:

First. The policy shall not become effective until issued by the company.

Second. The policy shall not take effect until received by the applicant.

Third. The policy shall not take effect until the first premium thereon is paid.

Fourth. That concurrent with the performance, happening or existence of each and all of the foregoing conditions the health, habits and occupation of the applicant are the same as described in the application.

In Funk and Wagnall's Standard Dictionary, "receive" is defined as "To obtain as a result of delivery, transmission or communication."

The condition precedent with reference to the policy being reecived by the applicant, before taking effect, therefore contemplated the obtaining by the applicant as a result of delivery by the company of the policy before the policy should become effective.

It is contended by the plaintiff that under the terms of the clause hereinbefore referred to, the tender of payment of the first premium operated in law, insofar as the taking effect of the policy is concerned, both as a constructive payment of the full first premium and as a constructive receipt of the policy by Paul F. Spragg, and consequently the admission of the issuance of the policy, together with the evidence tending to prove tender of payment of the full first premium at a time while the health, habits and occupation of the applicant were the same as described in the application, required the submission of the case to the jury.

It is the general rule that tender of payment is equivalent to actual payment insofar as the contractual rights of the parties are concerned and if the payment of the full first premium was the only condition precedent to the taking effect of the policy, the contention of the plaintiff would be correct. There is, however, as above stated, another condition precedent to the taking effect of the policy, set forth in the clause mentioned, that the policy shall not take effect until received by the applicant, that is, as hereinbefore explained, until obtained by the applicant as a result of delivery by the company. Under the construction contended for by plaintiff the provisions of the clause would have the same legal effect as if the words "received by me" were entirely omitted from the clause.

It is the general rule that contracts of insurance are to be most strongly construed against the insurer and in favor of the insured, but this rule does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed or to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition to liability thereon. 14 R.C.L. page 932.

There are also other rules of construction of equal dignity with the rule of strict construction, among which are the following:

"The different provisions of a contract of insurance must be so construed, if it can be reasonably done, as to give effect to each. 14 R.C.L. 926.

"Whenever there are two constructions to be placed upon a written contract, one of which will give force to all its provisions, that one must be observed and followed." Watson et v Insurance Company, 23 C.C., (N.S.) 363, at page 367.

Applying these rules of construction and giving effect to the plain words of the parties, it is clear that it was the intention of the parties, by the use of the phrase "the policy shall not take effect until * * * received by me" to provide a condition precedent to the taking effect of the policy separate from and independent of the condition "until the full first premium thereon is paid", and this is true whether such phrase is considered as relating to an act to be performed by either or both of the

parties, the happening of an event or the existence of a state of facts.

Giving this effect to the clause it is clear that the tender of compliance with the last mentioned condition could not and did not operate as a compliance with the first mentioned condition, or, in other words, the company under this clause reserved the right, to be exercised by it or its agent to whom delivery was entrusted, to prevent the policy becoming effective by withholding for any reason or for no reason at all, the delivery of the policy irrespective of the fact as to whether tender of payment of the first premium on the policy was made.

The decision in the case of **Guardian Life Insurance Company v Veser, 128 Oh St 200,** has no application to the facts in this case as that decision applied to a tri-party contract for the issuance of policy and not to an action brought on the policy.

Although the clause mentioned has been in general use by insurance companies for a number of years, the instant case is apparently the only case in which such clause has been construed, as we have made a thorough search of the authorities and have found none directly in point although the case of Erickson v The Missouri State Life Insurance Company of St. Louis, Court of Appeals, Missouri, decided December 4, 1923, 256 SW 108, tends to support the construction adopted.

As there was no evidence tending to prove the receipt of the policy by Spragg or any one for him, the verdict was properly directed in favor of the defendant.

Holding these views, the judgment of the lower court will be affirmed.

KLINGER, J, concurs.
CROW, PJ, dissents.

### DISSENTING OPINION

By CROW, PJ.

The majority opinion accurately sets forth the substance of the pleadings upon which the case was tried and likewise states the tendency of the evidence introduced, excepting the portion in relation to the occurrence when the agent who had the policy for delivery to the insured, which portion, in my opinion, goes no further than that the agent had with him the policy, took it from his pocket, held it in view of the insured and relatives of the latter then present, and after the tender to the agent, of the cash, by the insured in the amount of

the first premium, which cash the agent did not take into his hands, the agent placed hte policy in his pocket and departed. There is no testimony whatsoever tending to prove that anything was said by the agent or by the insured or by any other person present, concerning the retention of the policy by the agent; nor was there any testimony whatsoever tending to prove that the agent was clothed with the authority to exercise discretion pertaining to a withholding of the policy from the insured. There was testimony that the agent we have referred to was the representative of the insurer in the taking of the application for the insurance, and that he received the policy from the insurer for delivery and collection of the premium.

By admission in the pleading of the insurer, the policy had been issued by it pursuant to the application, prior to the time we have referred to when the agent exhibited it.

The evidence introduced in behalf of plaintiff tended to prove that the insured did every conceivable thing possible on his part, short of using physical force, to pay in cash, the premium.

Strange as it may seem that the agent did not take the money when tendered, and that there is no testimony of any explanation thereof, yet it is the firmly settled rule that on a motion to direct a verdict, the evidence in behalf of the party against whom the motion is made, must be taken as true and given effect most favorable to that party. Following that rule, as we must, reasonable minds might properly conclude that what was done by the assured in his effort to pay the premium which the majority of this court rightly held to have been such tender as to be the equivalent of payment, was also an acceptance and receiving of the policy by him.

As the majority opinion states, there was evidence tending to prove that the insured's health, habits and occupation were the same as described in the application which requirement was one of the three, and there were but three, requirements on the part of the insured, the other two being payment of the first premium, and that the insured accept and receive the policy. The same evidence may properly prove more than one issue in a case.

Nowhere in either the application or the policy, and the application is in terms made part of the policy, is there any allusion to delivery of the policy excepting as may be

implied from the accepting and receiving of the policy by the insured.

The quoted portion of the application covering the matter, in the majority opinion, makes clear that after receipt of the application the only requirement expressly stated on the part of the insurer, was to **issue** the policy and all that was left for the insured to do after the issuance of the policy, was to accept and receive it and pay the premium while the insured's health, habits and occupation were the same as described in the application.

In this case the action of plaintiff was on a contract in writing prepared by defendant, and where such is the case and there is uncertainty of meaning necessitating interpretation, such interpretation must be given in favor of the other contracting party.

Following that unquestionable rule I am of opinion that whether the insured accepted and received the policy, did the equivalent of paying the first premium, and was at that time in the same health and had the same habits and occupation as when he made the application for the insurance, were submissible to the jury and therefore the court erred in directing a verdict.

Text writers declare and many cases hold, indeed there are no authorities to the contrary, that manual delivery of an insurance policy, that is conferring physical possession of it on the insured, is not, even when a policy provides in express terms that it shall be delivered to the insured as a condition precedent to the taking effect of the policy, is not necessary, constructive delivery being sufficient, but, as we have said, the word "delivery" is nowhere used in the contract of insurance in the instant case.