**AMBROSE et al., Appellants,**

**v.**

**STATE FARM FIRE & CASUALTY, Appellee.**

[Cite as *Ambrose v. State Farm Fire & Cas.* (1990), 70 Ohio App.3d 797.]

Court of Appeals of Ohio,
Summit County.

No. 14718.

Decided Dec. 26, 1990.

---

*Robert P. Rutter*, for appellants.

*Gerald L. Jeppe* and *Sean P. Allan*, for appellee.

---

CACIOPPO, Judge.

Appellants, Charles and Deborah Ambrose ("Ambrose"), appeal the decision of the Cuyahoga Falls Municipal Court declaring that the condition of their porch resulted from settlement rather than collapse, denying their motion for a partial summary judgment, and dismissing their bad faith claim. We reverse.

In July 1987, Ambrose purchased a seven-year-old home in Hudson, Ohio. Three months later, Ambrose hired a contractor to replace the front porch slab which slanted toward the house causing water to collect and leak into the basement. The contractor anchored steel rods into the header board at the north and west sides of the home and rested the slab on the cinder block foundation at the south and east sides of the home. Shortly thereafter, the porch slab again tilted toward the house and precluded proper drainage.

Due to the porch damage, Ambrose filed a claim against their State Farm Fire & Casualty ("State Farm") based upon his homeowner's insurance policy. Ambrose was denied payment on his claim.

On February 21, 1989, Ambrose filed a complaint against State Farm for breach of contract and bad faith. Ambrose contends that the insurance policy issued by State Farm provided coverage for the alleged damage under a provision covering "collapse." Although State Farm agrees that the policy provision covers damage as a result of "collapse," it contends that the damage to the Ambrose porch resulted from "settlement" which is not covered by the policy.

On January 29, 1990, Ambrose filed a motion for partial summary judgment on the breach of contract claim. On February 16, 1990, State Farm filed a motion for a declaratory judgment. On April 16, 1990, the trial court declared that the porch condition was a result of settlement rather than collapse and, therefore, Ambrose could not recover. The court also denied the motion for partial summary judgment. On June 19, 1990, the trial court dismissed the bad faith claim. Ambrose filed a timely notice of appeal.

Assignments of Error

"I. The trial court erred in determining, as a matter of law, that the damage to appellants' house constituted a 'settlement.'

"II. The trial court erred in granting the appellee's motion for [a] declaratory order and in denying appellants' motion for partial summary judgment."

The issue to be resolved in this case turns on the meanings of "collapse" and "settlement," and the application of these terms to the facts of this case.

The construction of a written contract is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus. Such questions of law are determined, in the first instance, by an examination of the relevant insurance documents, utilizing therein the familiar rules of construction and interpretation applicable to contracts generally. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167, 24 O.O.3d 274, 275, 436 N.E.2d 1347, 1348. Ambrose correctly asserts that ambiguities in a policy should be construed

strictly against the insurer that authored its terms and liberally to favor the insured's coverage. *Munchick v. Fidelity & Cas. Co.* (1965), 2 Ohio St.2d 303, 31 O.O.2d 569, 209 N.E.2d 167. Where two reasonable interpretations are available, the construction favoring coverage is adopted. *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844, paragraph one of the syllabus. Exclusions or exceptions must be expressly provided or must arise by necessary implication from the policy language. *Edmondson v. Motorists Mut. Ins. Co.* (1976), 48 Ohio St.2d 52, 53, 2 O.O.3d 167, 168, 356 N.E.2d 722, 723.

At the same time, policy terms must be given their ordinary and usual meaning when no ambiguity exists. *Jirousek v. Prudential Ins. Co.* (1971), 27 Ohio St.2d 62, 56 O.O.2d 34, 271 N.E.2d 866. When words used in a policy have a plain and ordinary meaning, it is neither necessary nor permissible to construe a different meaning. *Olmstead v. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 216, 51 O.O.2d 285, 288, 259 N.E.2d 123, 126.

There is no definition of the words "collapse" and "settlement" in the insurance contract. In *Olmstead, supra,* the Ohio Supreme Court construed the word "collapse," which had not been defined in an insurance policy, and found no ambiguity in the word. *Id.* at 216, 51 O.O.2d at 288, 259 N.E.2d at 126. The court held that in its plain, common and ordinary sense, "collapse" means a falling down, falling together, or caving into an unorganized mass. *Id.* The ordinary meaning of the word "settle" is coming to rest, sinking, or becoming compact. Webster's II New Riverside University Dictionary.

Insurance contracts are to be construed generally as other contracts, in that unambiguous words and phrases are to be taken in their ordinary meaning unless there is something in the contract that indicates a contrary intention. *Olmstead, supra.* Ohio law also requires intent to be proved from the written contractual matter expressed by the parties. *Id.* at 217, 51 O.O.2d at 288, 259 N.E.2d at 127. Ambrose has presented no evidence concerning any contrary intent of the parties, and therefore the words "collapse" and "settle" must be given their ordinary and common meanings.

In the case *sub judice,* State Farm presented the deposition of Richard McKeon, a civil engineer who examined the Ambrose porch. McKeon testified that the steel rods inserted into the wood plate deflected and compressed the wood supporting them. As the steel rods compressed the wood, the concrete slab moved. This action constitutes a collapse, as the concrete slab has fallen down due to inadequate structural support. The trial court erred as a matter of law in finding that the porch damage resulted from settlement, rather than collapse.

The first and second assignments of error are well taken.

The judgment of the trial court is reversed. The case is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CIRIGLIANO, J., concurs.

BAIRD, P.J., dissents.