DECISION AND JUDGMENT ENTRY
{¶ 1} Gerry Alexander appeals the Ross County Court of Common Pleas' decision granting summary judgment in favor of Continental Casualty Company. Alexander asserts that the trial court erred in granting Continental's motion for summary judgment because she is an insured under Uninsured Motorist ("UM") coverage that arises as a matter of law from the policy that Continental issued to Alexander's employer, Camoplast Rockland, Ltd. Because Camoplast purchased a policy from Continental that includes UM coverage, and because Alexander is not an insured under the plain language of that policy, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Alexander was an employee of Camoplast on August 17, 2000. On that day Alexander, while operating a vehicle owned by her husband, collided with a vehicle operated by Lyle G. Seward, Jr. As a result of the accident, Alexander sustained injuries, medical expenses, lost wages, and other damages. Alexander seeks coverage for her injuries under the business automobile policy that Continental issued to Camoplast.
 {¶ 3} The parties stipulate that the vehicle Alexander was operating at the time of the accident was not owned by Camoplast and was not listed as a covered auto on Camoplast's policy schedule. Further, they stipulate that Alexander was not acting in the scope of her employment at the time of the accident.
 {¶ 4} Continental filed a motion for summary judgment, asserting that its policy unambiguously identifies who is an insured under the policy, that Alexander clearly was not an insured under the circumstances of the accident in this case, and therefore that a finding of coverage is not warranted. The trial court agreed, finding that Continental's policy clearly and unambiguously excludes Alexander from coverage under the circumstances. Therefore, the trial court granted Continental's motion for summary judgment. The trial court's ruling disposed of all of Alexander's claims against Continental, and the trial court made an express determination that there is no just cause for delay.
 {¶ 5} Alexander appeals, asserting the following single assignment of error: "The trial court erred in granting [Continental's] motion for summary judgment."
 II. {¶ 6} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 7} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809. In particular, the construction of a written contract is a matter of law, which we review without deference to the trial court. Alexander v. Buckeye Pipeline Co.
(1978) 53 Ohio St.2d 241, paragraph one of the syllabus.
 III. {¶ 8} Under Ohio law, "an insurance policy is a contract, and * * * the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins. Co. v. Marsh (1984),15 Ohio St.3d 107, 109. Thus, the interpretation of an insurance policy is a matter of law. Ambrose v. State Farm Fire Cas. (1990),70 Ohio App.3d 797, 799, citing Alexander at paragraph one of the syllabus. Generally, a court should strive to give effect to the plain meaning of a contract. Cleveland Elec. Illuminating Co. v. Cleveland
(1988), 37 Ohio St.3d 50, citing Seringetti Constr. Co. v. Cincinnati
(1988), 51 Ohio App.3d 1, 4. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." Seringetti at 4. The court must give effect to all terms of a contract, neither deleting nor adding words. Cleveland Elec. Illuminating Co. at paragraph three of the syllabus. Additionally, if the primary purpose of the contract can be ascertained, the court shall give it great weight. Restatement of the Law 2d, Contracts 86-88 (1979), Section 202(1); First Union Real EstateEquity Mortgage Investments v. Shapiro (Apr. 11, 1985), Cuyahoga App. No. 48601.
 {¶ 9} Where provisions of an insurance contract "are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Kingv. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. This is so because "[t]he insurer, being the one who selects the language in the contract, must be specific in its use." Lane v. Grange Mut. Cos.
(1989), 43 Ohio St.3d 63, 65, citing Am. Fin. Corp. v. Fireman's FundIns. Co. (1968), 15 Ohio St.2d 171.
 {¶ 10} An exclusion from coverage must be clear and exact in order to be given effect; "that which is not clearly excluded is included."Johnston v. Akron Ctr. for Reproductive Health, Inc. (1990),68 Ohio App.2d 655, 657; Lane at 65. Moreover, "[a]ny reasonable interpretation of the policy resulting in coverage of the insured must be adopted by the trial court in Ohio." River Services Co. v. HartfordAccident Indemnity Co. (N.D.Ohio. 1977), 449 F. Supp. 622, 626.
 {¶ 11} However, when the terms of an insurance contract are clear and unambiguous, the trial court may not effectively "create a new contract by finding an intent not expressed in the clear language employed by the parties." Fireman's Fund Ins. Co. v. Mitchell-Peterson,Inc. (1989), 63 Ohio App.3d 319, 325. Nor may the court depart from strict construction of the insurance contract in order to change the obvious intent of the parties in order to provide an individual with coverage. Hybud Equip. Corp. v. Sphere Drake Ins. Co. (1992),66 Ohio St.3d 657, 665; Rhoades v. Equitable Life Assurance Society ofthe United States (1978), 54 Ohio St.2d 45, 47.
 {¶ 12} Under Ohio statutory law as it existed at the time of Alexander's accident, an insurer's failure to either provide UM coverage or obtain a valid written rejection of UM coverage results in the insured acquiring UM coverage by operation of law. See Gyori v. Coca-ColaBottling Group (1996), 76 Ohio St.3d 565, paragraphs one and two of the syllabus, citing R.C. 3937.18;[1] see, also, Shindollar v. Erie Ins.Co. 148 Ohio App.3d 537, 2002-Ohio-2971, at ¶ 9.
 {¶ 13} Additionally, under Ohio law an insurance policy that names a corporation as its insured may extend coverage to an individual employee of the corporation, even if the employee was not an officer of the corporation and was not acting within the scope of his employment at the time of injury. Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. If the policy does not clearly and unambiguously identify who is an insured under the policy, the court must follow the rules of contractual construction to identify the insured. InScott-Pontzer, the Ohio Supreme Court found that the UM coverage for bodily injury contained in the insurance policies issued to the plaintiff's decedent's employer, a corporation, covered the decedent because the policies defined an insured simply as "You." Because a corporation cannot suffer "bodily injury" and can only act through living persons, the court found that the word "you" was ambiguous in the context of the policy. The Court construed the word "you" to include employees, reasoning "[i]t would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle."Id. at 664.
 IV. {¶ 14} In this case, Camoplast was the named insured under the policy in question. Alexander contends that Continental failed to provide UM coverage to Camoplast under its policy, and that therefore UM coverage applies to Camoplast by operation of law. Alexander further reasons that if UM coverage applies to Camoplast by operation of law, that coverage extends to Alexander pursuant to Scott-Pontzer. Alexander supports her argument by noting that the court must construe an insurance policy in favor of the insured.
 {¶ 15} Continental argues that, contrary to Alexander's assertion, the policy it sold to Camoplast provides UM coverage by its plain language, and thus UM coverage exists under the plain language of the policy, not by operation of law. Additionally, Continental maintains that the policy, again by its plain language, simply does not include Alexander as an insured covered by the UM provision of the policy in the circumstances of this case. Thus, Continental contends that neitherGyori nor Scott-Pontzer apply to this case.
 {¶ 16} As Continental notes in its brief to this court, construing an insurance policy in favor of an insured does not necessarily require construing the policy in favor of the party seeking coverage. The named insured under the policy in this case is Camoplast.
 {¶ 17} Camoplast's policy provides in part that Continental extends UM and Underinsured Motorist ("UIM") coverage to "[o]nly those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage." Ohio law does not prohibit the rejection of UM coverage, but requires the rejection to be in writing. SeeShindollar, supra at ¶ 11; Gyori, supra; R.C. 3937.18. Camoplast did not reject UM coverage in writing. Therefore, Alexander contends that the policy does not provide UM coverage, that Continental did not obtain a valid rejection of UM coverage, and that UM coverage thus arises by operation of law.
 {¶ 18} Compelling as Alexander's logic seems at first blush, Alexander neglects to mention that the policy also includes an endorsement entitled "Ohio Uninsured Motorist Coverage Bodily Injury."
Alexander does not dispute that this endorsement was part of the insurance contract at the time of her accident. Across the top, the endorsement reads "THIS ENDORESMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." The endorsement clearly and unambiguously provides UM coverage to the "insured." Camoplast paid a premium to receive UM coverage pursuant to the endorsement.
 {¶ 19} Alexander contends that we should ignore this endorsement because it conflicts with the "covered autos" section quoted above. However, the rules of construction require us to strive to give effect to all terms of the contract, to the plain meaning of the contract, and, if possible, to the manifest intent of the parties. Cleveland Elec.Illuminating Co., 37 Ohio St.3d at paragraph three of the syllabus, citing Seringetti, supra. Alexander's construction of the insurance contract would result in a finding that Camoplast's policy does not contain UM coverage, despite the fact that Camoplast paid a premium for UM coverage and possesses a contract stating that Continental is providing it with UM coverage. Especially when construing the language of the policy in favor of the named insured, we find that the policy Continental sold to Camoplast provides UM coverage to Camoplast.
 {¶ 20} Having determined that the policy provides UM coverage, we now must decide whether Alexander was an insured under the policy at the time of her accident. The UM endorsement in Camoplast's policy identifies "who is an insured" under the policy, when the named insured is a corporation, as "[a]nyone occupying a covered `auto' or a temporary substitute for a covered `auto'."[2] Under the section titled "Exclusions" the endorsement states that the UM coverage does not extend to "[a]nyone occupying or using an auto which is not a covered `auto' while used outside the scope of the Named Insured's business."
 {¶ 21} We find that this language is unambiguous. Unlike the policy at issue in Scott-Pontzer, where the definition of "who is an insured" was ambiguous, in this case the policy clearly identifies an insured as an individual occupying a covered auto. By the plain language of the policy, an individual is an insured only when operating or occupying a covered auto or a temporary substitute for a covered auto. Alexander does not dispute that her husband's car is not a covered auto listed on Camoplast's policy, nor does she assert that she was using her husband's car as a temporary substitute for a covered auto. Therefore, Alexander was not an insured under the policy at the time of the accident.
 {¶ 22} Moreover, the policy contains an explicit exclusion for anyone occupying an auto that is not a covered auto while used outside the scope of the named insured's business. Alexander does not dispute that she was not acting in the scope of her employment with Camoplast when the accident occurred and, as noted above, she was occupying an auto that is not a covered auto. Therefore, Alexander is specifically excluded from coverage based on the circumstances of the accident.
 {¶ 23} In sum, we find that no genuine issue of material fact exists, that Alexander is not an insured under the UM coverage provided to Camoplast pursuant to the policy Camoplast purchased from Continental, and that reasonable minds can only conclude that Continental is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee Continential Casualty Company recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Concurs in Judgment Only.
[1] R.C. 3937.18 has been amended twice since Alexander's accident.2000 Am.Sub.S.B. No. 267, effective September 21, 2000, and 2001Am.Sub.S.B. No. 97, effective October 31, 2001. The amendments do notapply to our analysis here. Ross v. Farmer Ins. Group (1998),82 Ohio St.3d 281, 287.
[2] {a} The endorsement reads in relevant part as follows:
{¶ b} "B. Who Is An Insured
 {¶ c} "1. If the Named Insured is designated in the Declarations as:
 {¶ d} "* * *
 {¶ e} "b. A partnership, limited liability company, corporation or any other form of organization, then the following are `insured';
 {¶ f} "(1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto.'"