JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs, Robert Sherrick, Dixie Sherrick, Robbie Sherrick, and Jacob Sherrick[1] (the "Sherricks)," appeal the trial court partially granting defendant's, National Union Fire Insurance Company of Pittsburgh, PA's ("National"), motion for summary judgment. In a cross-appeal, National challenges the trial court's denying, in part, its motion for summary judgment and granting, in part, the Sherricks' own motion for summary judgment.
 {¶ 2} In April 2001, Dixie Sherrick was driving her car when she was struck by another vehicle, operated by tortfeasor, David McCoy. Dixie's two sons, Jacob and Robbie, were passengers in the car with their mother when McCoy hit the car. At the time of the accident, Robert Sherrick was employed by Renier Construction Company, which was insured by defendant Monroe Guaranty Insurance Company ("Monroe") under a $1,000,000 Commercial Auto Policy and a separate Commercial General Liability Policy. Plaintiffs and Monroe settled their claims for $100,000. Renier was also insured by a $6,000,000 umbrella policy issued by National.[2]
 {¶ 3} Under Coverage B, National's policy states that an "insured" is "The Named Insured," which, in turn, is defined as "any person or organization designated in Item 1 of the Declarations * * *." The organization designated in the Declarations section is Renier.[3] In the Definitions section of the policy, an insured is further defined as follows:
 {¶ 4} The Named Insured;
 {¶ 5} If you are an individual, your spouse, but only with respect to the conduct of a business of which you are the sole owner * * *.
 {¶ 6} In their motion for summary judgment, plaintiffs argued they were entitled to UM coverage under National's policy because (1) National did not offer Renier UM/UIM coverage and Renier, therefore, could not have rejected such coverage and (2) they are "insureds" under the policy.
 {¶ 7} In its cross-motion for summary judgment, National argued that plaintiffs were not entitled to UM/UIM coverage under section B of its policy[4] because (1) Renier had rejected coverage in its Option Form, (2) coverage under its policy was never triggered because plaintiffs settled for only $100,000.00 of Monroe's $1,000,000 policy limits, and (3) plaintiffs Dixie, Robbie, and Jacob did not meet the definition of "insureds" under the policy.
 {¶ 8} The trial court partially granted both parties' motions. It is from this order that they both appeal. Plaintiffs assign one error committed by the trial court. In its cross-appeal, National presents two assignments of error. Because plaintiffs' sole assignment of error and National's second cross-assignment of error are dispositive of this appeal, they are addressed together.
 {¶ 9} Plaintiffs' Assignment of Error No. I:
The trial court erred in grating [sic] in part appellee National Union Fire Insurance Company of Pittsburgh, PA's motion for partial summary judgment and denying in part appellant's [sic] motion for partial summary judgment on the issue of coverage and determining that appellants are not "insureds" under the National Union Fire Insurance Company of Pittsburgh, PA Umbrella Insurance Policy.
 {¶ 10} Cross-Assignment of Error No. II:
The trial court erred in granting in part plaintiff's [sic] motion for summary judgment since the appellant failed to exhaust the coverage under the underlying Monroe policy.
 {¶ 11} In their sole assignment of error, plaintiffs argue that they each meet the definition of an "insured" under National's policy. In its second cross-assignment of error, on the other hand, National argues the trial court erred in determining that plaintiffs were entitled to coverage despite the fact that they had entered into a settlement with Monroe, the underlying insurer.
 {¶ 12} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, after the reviewing court construes the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; see, also, Civ.R. 56(C).
 {¶ 13} Under Ohio law, "an insurance policy is a contract, and * * * the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins. Co. v. Marsh (1984),15 Ohio St.3d 107, 109, 472 N.E.2d 1061; Galatis v. Westfield,100 Ohio St.3d 216, 2003-Ohio-5849. The interpretation of an insurance policy is a matter of law. Ambrose v. State Farm Fire Cas. (1990),70 Ohio App.3d 797, 799, 592 N.E.2d 868. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." Seringetti Constr.Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 4, 553 N.E.2d 1371.
 {¶ 14} Recently, the Ohio Supreme Court, in Westfield InsuranceCompany v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, reversed its prior decision in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142 and limited Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116. In Galatis, after reviewing the express provisions of an insurance contract, the Court held:
* * *
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v.Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. 1999, 85 Ohio St.3d 660,1999 Ohio 292, 710 N.E.2d 1116, limited.)
3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. of Am. 1999,86 Ohio St.3d 557, 1999 Ohio 124, 715 N.E.2d 1142, overruled.)
 {¶ 15} In the case at bar, the holding in Galatis requires this court to affirm the grant of summary judgment to National.[5]
Plaintiffs argue they are entitled to coverage under National's policy. Under the recent Ohio Supreme Court decision, however, none of the plaintiffs qualifies as an insured under National's policy for the following reasons. First, Dixie, Robbie, and Jacob would not be insureds, because the policy does not expressly include an employee's "family members." Galatis, ¶ 3, syllabus. Second, Dixie cannot be an insured, because she was not injured while Robert was conducting a business of which he was the sole owner, as required by the express language of the policy. Galatis, ¶ 2.
 {¶ 16} And even though Robert was one of Renier's employees at the time of the accident, he also is not entitled to coverage, because there is no evidence he was the sole owner of Renier or that he was injured while in the scope of his employment. Galatis, ¶ 2, syllabus.
 {¶ 17} Finally, we agree with National's argument that its policy is meant to cover only losses not covered by the scheduled underlying policy. Plaintiffs agree the Monroe policy constitutes the "Scheduled Underlying Insurance" referenced in National's policy. Plaintiffs, however, settled with Monroe before the trial court could make a determination about whether National's umbrella policy provisions would have been triggered.
 {¶ 18} Because plaintiffs settled with Monroe, the trial court never addressed the issue of whether plaintiffs' damages "would have been covered by Scheduled Underlying Insurance." The record before this court, however, demonstrates that plaintiffs settled for less than Monroe's policy limits. From the record, we conclude that settlement prevented National's policy from being triggered, because the policy required plaintiffs to exhaust the limits of any underlying insurance before its coverage would apply.
 {¶ 19} Plaintiffs' sole assignment of error is overruled and the trial court's partial summary judgment to National is affirmed. Moreover, National's second cross-assignment of error as to UM coverage by operation of law is sustained, again, as a result of the recent decision in Galatis. We therefore vacate the grant of partial summary judgment to plaintiffs on the issue of umbrella coverage. Because plaintiffs are not entitled to coverage under the policy, National's first cross-assignment of error is moot.[6]
 {¶ 20} Judgment accordingly.
Michael J. Corrigan, P.J., and Anthony O. Calabrese, Jr., J., concur.
It is ordered that appellee and appellant split the costs herein taxes.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Dixie Sherrick is Robert Sherrick's spouse. Jacob and Robbie are their sons.
[2] The effective dates of the policy were June 1, 2000 to June 1, 2001.
[3] Renier Leasing, Inc. is also named as an insured. The leasing company, however, is not pertinent to this appeal.
[4] National does not present any arguments about Section A of the policy.
[5] The trial court's decision here was issued before the Ohio Supreme Court decided Galatis.
[6] Cross-Assignment of Error No. I.
The trial court erred in granting in part plaintiff's motion for summary judgment as UM/UIM coverage was rejected by renier construction.