JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Herschel White, Jr. appeals the trial court granting summary judgment in favor of defendant Cincinnati Equitable Insurance Company.
 {¶ 2} On February 20, 2002, plaintiff submitted an application ("Application") to defendant for automobile insurance.[1] As part of the application process, plaintiff tendered a personal check to defendant in the amount of $113.00 as a down payment. Less than one week later, the check was returned for insufficient funds. On February 27, 2002, plaintiff made a deposit to his checking account to cover the $113.00 check to defendant, but never reissued a check. On March 1, 2002, plaintiff was in a motor vehicle accident with an uninsured driver.[2] Plaintiff later received a Notice of Cancellation from defendant stating that his coverage would be cancelled as of March 23, 2002.
 {¶ 3} When plaintiff submitted the uninsured motorist claim to defendant, coverage was denied and plaintiff filed suit. In its motion for summary judgment, defendant argued that plaintiff never had automobile insurance coverage because he failed to pay the initial down payment on February 20th. The trial court agreed. Plaintiff appeals presenting a sole assignment of error:
The trial court erred in granting summary judgment in favor of appellee, Cincinnati Equitable Insurance Company.
 {¶ 4} Plaintiff argues that the trial court erred in granting defendant's motion for summary judgment, because there remain genuine issues of material fact as to whether he had insurance coverage on March 1, 2002, when the motor vehicle accident occurred.
 {¶ 5} This court reviews the lower court's grant of summary judgment de novo. Piciorea v. Genesis Ins. Co., Cuyahoga App. No. 82097, 2003-Ohio-3955, at ¶ 8. Summary judgment is appropriate when, if the evidence is construed most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Id., citingZivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, 1998-Ohio-389, 696 N.E.2d 201; see, also, Civ.R. 56(C).
 {¶ 6} Ohio law liberally construes the language of an insurance contract in favor of the insured. Blue Cross BlueShield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120, 122,647 N.E.2d 1358. Under Ohio law, "an insurance policy is a contract, and * * * the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins.Co. v. Marsh (1984), 15 Ohio St.3d 107, 109, 15 Ohio B. 261,472 N.E.2d 1061.
 {¶ 7} As stated by this court in Piciorea v. GenesisInsurance Co., Cuyahoga App. No. 82097, 2003-Ohio-3955:
The interpretation of an insurance policy is a matter of law.Ambrose v. State Farm Fire Cas. (1990), 70 Ohio App.3d 797,799, 592 N.E.2d 868. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." SeringettiConstr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 4,553 N.E.2d 1371.
A trial court may not "create a new contract by finding an intent not expressed in the clear language employed by the parties." Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.
(1989), 63 Ohio App.3d 319, 325, 578 N.E.2d 851.
Id., at ¶ 9 and ¶ 10.
 {¶ 8} In the case at bar, plaintiff's insurance Application states as follows:
If the down payment accompanying this application is made by check or credit card which is not honored by its bank, I understand and agree that the policy shall be deemed null and void from inception and I will not be afforded any coverage whatsoever.
* * *
I understand and agree that this application will form a part of any new or subsequent renewal policy which may be issued.
Application at 4, attached as Exhibit "A" to Defendant's Motion for Summary Judgment.
 {¶ 9} The language of the Application is clear and unambiguous. First, by incorporation, the Application constitutes part of defendant's policy. Second, timely payment of the "down payment" operates as a condition precedent to plaintiff obtaining "any coverage whatsoever."
A condition precedent is "an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises." Calamari and Perillo, Contracts (1970), 226, Section 138. The Ohio Supreme Court has defined a condition precedent as "the happening of some event, or the performance of some act, after the terms of the contract have been agreed on, before the contract shall be binding on the parties." Mumaw v. Western Southern Life Ins. Co. (1917), 97 O.S. 1, 11, 119 N.E. 132.
Plazzo v. Nationwide Mut. Ins. Co., (Feb. 14, 1996), Summit App. No. 17022, 1996 Ohio App. LEXIS 476, at *9-*10. When the issue of insurance coverage depends on the fulfillment of a condition precedent in an insurance contract, the plaintiff has the burden of proving that he satisfied all conditions precedent before he can insist upon performance by the insurer. Plazzo,
supra., at *8; State Life Ins. Co. v. Harvey (1905),72 Ohio St. 174, 177, 73 N.E. 1056; Schulman v. New York Life Ins. Co.,
(June 21, 1979), Cuyahoga App. No. 39139, Ohio App. LEXIS 11110, at *7.
As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. Klein v.Insurance Co., 104 U.S. 88, 91; New York Life Ins. Co. v.Statham, 93 U.S. 24, 30-31; Pilot Life Ins. Co. v. Owen,31 F.2d 862, 866. And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long-settled principles.
Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492,52 S. Ct. 230, 76 L.Ed. 416, (1932); Ohio Farmers' Insurance Co. v.Wilson (1904), 70 Ohio St. 354, at syllabus, (policy with express condition that premium must be paid before coverage begins will be deemed null and void if payment is not made when required). "[R]ights arise upon the payment of the first premium; they become vested then, and so remain until forfeiture."[3] Mutual Life Ins. Co. v. French,30 Ohio St. 240, 252, (1876); See, Spragg v. Prudential Ins. Co.
(1935), 50 Ohio App. 451, 459, 198 N.E. 585.
In the case at bar, the language of plaintiff's Application required that he tender the down payment in good funds before the policy would take effect. Because plaintiff did not make the required payment, that condition precedent failed; the defendant's policy, therefore, never came into effect.
 {¶ 10} Plaintiff further argues that because the Notice of Cancellation stated that coverage would be cancelled as of March 23, 2002, one can infer that defendant waived and/or extended the time to meet the Application's down payment requirement, and, therefore, he was insured on the date of the accident. According to plaintiff, the Notice of Cancellation supports his contention that he must have had coverage on March 1st because, otherwise, there would be nothing to cancel. We reject this argument.
 {¶ 11} In Ott v. Progressive Casualty Insurance Company,
(July 6, 1982), Stark App. No. CA-5832, 1982 Ohio App. LEXIS 15122, the court held that
the lapse of an insurance policy is different from the cancellation of an insurance policy under R.C. 3937.30 through3937.39. The court points out that when an insurance policy is cancelled, in term, notice must be sent to the insured before the cancellation is effective. This statutory requirement, however, does not require notice to be given to an insured to terminate their coverage where the policy has lapsed as the insured would have equal or greater knowledge of that occurrence.
Id., at *4; Ohio Farmers Insurance Company v. Wilson,70 Ohio St. 354, 71 NE 715, (1904), at syllabus.
 {¶ 12} In the case at bar, plaintiff's down payment check had been dishonored. The condition precedent of that payment, therefore, was not fulfilled. Because plaintiff never tendered payment he never provided any consideration for insurance coverage from defendant. Accordingly, the policy was never activated and, therefore, there was nothing to cancel. Moreover, because defendant had no obligation to inform plaintiff that he had forfeited coverage by not making the required down payment, the issue of cancellation is not relevant. See, Ohio FarmersIns. Co., supra.; Shank, supra., at fn. 2.
 {¶ 13} We further reject plaintiff's argument that defendant had a duty to tell him to re-issue the down payment after the first down payment was dishonored. As with the issue of cancellation, defendant had no obligation to inform plaintiff about anything after his check was returned for insufficient funds.
 {¶ 14} For the foregoing reasons, the trial court did not err in granting defendant's motion for summary judgment. Plaintiff is not entitled to insurance coverage from defendant for the March 1, 2002 motor vehicle accident. Plaintiff's sole assignment of error is, therefore, overruled.
Judgment accordingly.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., And McMonagle, J., Concur.
[1] Plaintiff sought insurance coverage for a 1988 Oldsmobile.
[2] The uninsured tortfeasor was Wynonnia Lawler, originally named as a party-defendant in this case. Ms. Lawler was later dismissed by plaintiff and therefore is not a party to this appeal.
[3] Clauses such as the ones in the Application in the case at bar are also known as automatic forfeiture clauses. As noted inShank v. United Life and Accident Insurance Company, et al.,
(June 3, 1981), Clermont App. No. 926, 1981 Ohio App. LEXIS 14230:
A policy of insurance may validly stipulate that nonpayment of premiums, when due, will effect a forfeiture. 30 Ohio Jurisprudence 2d 359, Insurance, Section 385. Such provisions are deemed to be self-operating or self-executing, and not affected by the failure of the insurer to take some affirmative action to declare a forfeiture. 30 Ohio Jurisprudence 2d 360, Insurance, Section 386. Id., at *7-*8, citing Miraldi v. Life Ins. Co. ofVirginia (1971), 48 Ohio App.2d 278, 281, 356 N.E.2d 1234.