OPINION
{¶ 1} This is an appeal from a summary judgment ruling of the Common Pleas Court of Licking County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant doing business as Arkaydia Arms Apartments carried insurance on such apartment buildings with Appellee, being Policy No. Q-48-0170144.
 {¶ 3} Mercury was found in the basement area of building F of such apartments, requiring removal.
 {¶ 4} Appellant filed a claim under his policy with Appellee of approximately $36,000.00 for the clean-up costs required to remove the mercury based on an assertion of vandalism as the cause.
 {¶ 5} Appellee denied the claim and this action resulted, both for payment as submitted and for bad faith.
 {¶ 6} As stated, the court sustained the Civil Rule 56 motion of Appellee.
 {¶ 7} The three Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 8} "I. WHEN THE MATERIAL FACTS OF A CASE ARE IN DISPUTE, ISSUES OF MATERIAL FACT DO EXIST, SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.
 {¶ 9} "II. A CONTRACT OF INSURANCE IS A CONTRACT OF ADHESION, WHICH IS PREPARED AND PHRASED BY THE INSURER. AS SUCH, A CONTRACT OF INSURANCE IS TO BE LIBERALLY CONSTRUED IN FAVOR OF THE INSURED AND STRICTLY AGAINST THE INSURER. WHERE ANY AMBIGUOUS OR UNDEFINED TERMS ARE USED IN THE INSURANCE CONTRACT, SUCH TERMS ARE TO BE GIVEN THE USUAL MEANING THAT AN ORDINARY PERSON WOULD GIVE IT.
 {¶ 10} "III. THE TRIAL COURT ERRED BY NOT RULING UPON THE SECOND CLAIM CONTAINED IN THE COMPLAINT WHICH IS ONE OF BAD FAITH."
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard we review appellant's assignment of error.
 I. {¶ 15} The First Assignment of Error, while it expresses a correct statement of law, is inapplicable to the case sub judice as the issue is one of policy interpretation rather than factual disputes and is therefore rejected.
 II. {¶ 16} The Second Assignment concerns the language construction of the policy involved.
 {¶ 17} "The interpretation of an insurance policy is a matter of law. Ambrose v. State Farm Fire Cas. (1990),70 Ohio App.3d 797, 799, 592 N.E.2d 868. As long as the contract is clear and unambiguous, `the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties.' SerigettiConstr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 4,55 N.E.2d 1371." Herschel White, Jr. v. Wynnonia Y. Lawler, et al, (July 28, 2005), 8th Dist App. No. 85199, Cuyahoga County,2005-Ohio-3835.
 {¶ 18} In this case, Appellee's basis in its motion for summary judgment was that the clean-up costs constituting the claim of Appellant was not the result of a covered peril under the policy it had issued to Appellant.
 {¶ 19} The response to such Civ.R. 56 motion was to the effect that:
 {¶ 20} a. The policy provisions cover vandalism.
 {¶ 21} b. The mercury is a pollutant resulting from vandalism.
 {¶ 22} c. Clean-up costs of pollutants are provided by the policy.
 {¶ 23} In support of vandalism as the cause of the presence of the mercury, Appellant provided the police report.
 {¶ 24} First, there is no question that mercury is a pollutant.
 {¶ 25} Second, the opinion contained in the police report constitutes hearsay and standing alone does not establish vandalism, although if this case were permitted to proceed to trial, Appellant may have other proof of vandalism if such is a covered event. State v. Haynes (Sept. 21, 1988), 9th Dist. App. No. 4310. Petti v. Perna (1993), 86 Ohio App.3d 508.
 {¶ 26} Therefore, the sole question for our consideration is whether the mercury resulted from a covered peril entitling Appellant to be reimbursed for clean-up costs.
 {¶ 27} The trial court concluded in this regard:
 {¶ 28} "The policy also cites to Extensions of Coverage, which is, purportedly, where Plaintiff refers to the Section entitled, `Pollutants Clean Up and Removal'. The section gives a list of extensions of coverage which are noticeably marked with an `X' at the side of those chosen by the insured as noted at the beginning of the policy. Although several of the numbered paragraphs of this section are marked with such an `X', #23. Pollutants Clean Up and Removal, is not. The section states, in pertinent part:
 {¶ 29} "SECTION VIII — EXTENSIONS OF COVERAGE
 {¶ 30} "A. Extensions of Coverage
 {¶ 31} "We will pay the following `losses' at your option. Payments under these Extensions are not an additional amount of insurance and will not increase the total amount of insurance available for the coverage involved.
 {¶ 32} "* * *
 {¶ 33} "23. Pollutants Clean Up and Removal. We will cover the cost to extract `pollutants' from land or water on the insured premises if the release, discharge or dispersal of `pollutants' is caused by a peril insured against during the policy period. We will pay up to $10,000 for all `losses' throughout the year. The `loss' must be reported to us within 180 days after the `loss' or the end of the policy period, whichever is the later date.
 {¶ 34} "This section, although obviously pertinent to the issue at hand, and offered to the Plaintiff, was apparently not chosen by the Plaintiff as an Extension of Coverage.
 {¶ 35} "Nevertheless, even if Plaintiff had chosen this Extension of Coverage, the coverage would have been modified by an endorsement, as noted in the following:
 {¶ 36} "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
 {¶ 37} "ULTRASURE FOR PROPERTY OWNERS EXTRA LIABILITY COVERAGES
 {¶ 38} "This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART
 {¶ 39} "* * *
 {¶ 40} "Exclusions of Section I Coverage A — Bodily Injury And Property Damage Liability are deleted and replaced by the following:
 {¶ 41} "* * *
 {¶ 42} "4. Pollution
 {¶ 43} "b. Any loss, cost or expense arising out of any:
 {¶ 44} "(1) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, `pollutants' [.]"
 {¶ 45} We determine that the trial court correctly construed Policy No. Q-48-0170144 in finding that the clean-up costs were not the result of a covered peril, even presuming the unestablished opinion that the mercury spill was the result of vandalism.
 {¶ 46} We therefore reject the Second Assignment of Error.
 {¶ 47} Also, as a result of this decision, the Third Assignment becomes moot.
 {¶ 48} This cause is affirmed at Appellant's costs.
Boggins, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.